MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

CARLOS BARRALES, DIEGO DEL
CASTILLO, and LINO MENDOZA
CASTRO, *individually and on behalf of others*
*similarly situated,*

                             *Plaintiffs*,

            -against-

DP Hospitality Group LLC (D/B/A
BROOKLYN CHOP HOUSE), STRATIS
MORFAGON and Philip Oliver Bondon,

                           *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) and Rule 23 Class
Action**

**ECF Case**

Plaintiffs Carlos BARRALES, Diego del CASTILLO, and Lino Mendoza Castro, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against DP Hospitality Group LLC (d/b/a Brooklyn Chop House), ("Defendant Corporation"), Stratis Morfagon and Philip Oliver Bondon, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are both current and former employees of Defendants DP Hospitality Group LLC (d/b/a Brooklyn Chop House), Stratis MORFAGON and Philip Oliver Bondon.

2.    Defendants own, operate, or control a Steak house/Chinese restaurant, located at 150 Nassau Street, New York, New York 10038 under the name "Brooklyn Chop House".

3.    Upon information and belief, individual Defendants Stratis Morfagon and Philip Oliver Bondon, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs have been employed as food runners at the restaurant located at 150 Nassau Street, New York, New York 10038.

5.    Plaintiffs have ostensibly been employed as food runners. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to preparing salads and desserts/pastries, unpacking shipments and stocking deliveries in the basement, hereafter the ("non-tipped duties").

6.    Rather, Defendants have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

8.    Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants have employed and accounted for Plaintiffs as food runners in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants have paid Plaintiffs at the tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as food runners instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the lower tip-credit rate.

13.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

14.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Steak house/Chinese restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

20.     Plaintiff Carlos Barrales ("Plaintiff Barrales" or "Mr. Barrales") is an adult individual residing in Kings County, New York.

21.     Plaintiff Barrales has been employed by Defendants at Brooklyn Chop House from approximately September 2020 until the present date.

22.     Plaintiff Diego del CASTILLO ("Plaintiff Del Castillo" or "Mr. Del Castillo") is an adult individual residing in Queens County, New York.

23.     Plaintiff Del Castillo has been employed by Defendants at Brooklyn Chop House from approximately September 2019 until on or about November 2019, and from approximately June 2020 until the present date.

24.     Plaintiff Lino Mendoza Castro ("Plaintiff Mendoza" or "Mr. Mendoza") is an adult individual residing in Queens County, New York.

25.     Plaintiff Mendoza has been employed by Defendants at Brooklyn Chop House from approximately July 2019 until on or about March 2020 and from approximately June 2020 until the present date.

*Defendants*

26.     At all relevant times, Defendants own, operate, or control a Steak house/Chinese restaurant, located at 150 Nassau Street, New York, New York 10038 under the name "Brooklyn Chop House".

27.     Upon information and belief, DP Hospitality Group LLC (d/b/a Brooklyn Chop House) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 150 Nassau Street, New York, New York 10038.

28.     Defendant Stratis Morfagon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Stratis Morfagon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Stratis Morfagon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Philip Oliver Bondon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Philip Oliver Bondon is

sued individually in his capacity as a manager of Defendant Corporations. Defendant Philip Oliver bondon possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30.     Defendants operate a Steak house/Chinese restaurant located in the Financial section of Manhattan in New York City.

31.     Individual Defendants, Stratis Morfagon and Philip Oliver Bondon, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.     Defendants jointly have employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendant Stratis Morfagon operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of his own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.     In each year from 2019 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as food runners. However, they have spent over 20% of each shift performing the non-tipped duties described above. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Carlos Barrales*

41.     Plaintiff Barrales has been employed by Defendants from approximately September 2020 until on or about March 20202 and then from approximately June 2020 until the present date.

42.     Defendants have ostensibly employed Plaintiff Barrales as a food runner.

43.     However, Plaintiff Barrales has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Barrales has ostensibly been employed as a food runner, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Barrales has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Barrales 's work duties have required neither discretion nor independent judgment.

47.     From approximately September 2020 until on or about December 2020, Plaintiff Barrales worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m., two to three days a week (typically 18 to 27 hours per week).

48.     From approximately December 2020 until the present date, Plaintiff Barrales has worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m., five days a week (typically 45 hours per week).

49.     Throughout his entire employment, Defendants have paid Plaintiff Barrales his wages by check.

50.     From approximately September 2020 until the present date, Defendants have paid Plaintiff Barrales $10 per hour.

51.     Although Plaintiff Barrales has been granted a meal period, it was only 15 minutes and scheduled prior to his start time every day.

52.     Plaintiff Barrales has never been notified by Defendants that his tips are being included as an offset for wages.

53.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Barrales 's wages.

54.     Defendants have withheld a portion of Plaintiff Barrales 's tips; specifically, Defendants have withheld a percentage of the tips Plaintiff Barrales earned and gave it to the host or hostess.

55.     Defendants have never given any notice to Plaintiff Barrales, in English and in Spanish (Plaintiff Barrales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Diego del CASTILLO*

56.     Plaintiff Del Castillo was employed by Defendants from approximately September 2019 until on or about November 2019 and from approximately June 2020 until the present date.

57.     Defendants ostensibly employed Plaintiff Del Castillo as a food runner.

58.     However, Plaintiff Del Castillo was also required to spend a significant portion of his work day performing the non-tipped duties described above.

59.     Although Plaintiff Del Castillo ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

60.     Plaintiff Del Castillo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.     Plaintiff Del Castillo's work duties required neither discretion nor independent judgment.

62.     From approximately September 2019 until on or about November 2019, Plaintiff Del Castillo worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., Mondays, Wednesdays, Thursdays and Sundays (typically 36 to 40 hours per week).

63.     From approximately June 2020 until on or about May 2021, Plaintiff Del Castillo worked as a food runner from approximately 3:30 p.m. until on or about 12:00 a.m. to 1:00 a.m. Mondays through Saturdays (typically 50 to 56 hours per week).

64.     From approximately May 2021 until on or about July 2021, Plaintiff Del Castillo worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m. to 1:00 a.m. Mondays through Saturdays (typically 54 to 60 hours per week).

65.     From approximately July 2021 until the present date, Plaintiff Del Castillo has worked as a food runner from approximately 3:00 p.m. until on or about 11:00 a.m. to 1:00 a.m. , Mondays, Wednesdays, Thursdays and Sundays (typically 32 to 40 hours per week).

66.     Throughout his entire employment, Defendants have paid Plaintiff Del Castillo his wages by check.

67.     From approximately September 2019 until on or about November 2019 and from approximately June 2020 until the present date, Defendants have paid Plaintiff Del Castillo $10.00 per hour.

68.     For a period of one week in April 2021, Defendants paid Plaintiffs Del Castillo $15.00 per hour.

69.     Defendants never have granted Plaintiff Del Castillo any breaks or meal periods of any kind.

70.     Plaintiff Del Castillo has never been notified by Defendants that his tips are being included as an offset for wages.

71.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Del Castillo's wages.

72.     Defendants have withheld a portion of Plaintiff Del Castillo's tips; specifically, Defendants withhold a percentage of the tips Plaintiff del Castillo earns and give it to the host or hostess.

73.     Defendants have not provided Plaintiff Del Castillo an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants have not given any notice to Plaintiff Del Castillo, in English and in Spanish (Plaintiff Del Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Lino Mendoza Castro*

75.     Plaintiff Mendoza has been employed by Defendants from approximately July 2019 until on or about March 2020 and from approximately June 2020 until the present date.

76.     Defendants ostensibly have employed Plaintiff Mendoza as a food runner.

77.     However, Plaintiff Mendoza also has been required to spend a significant portion of his work day performing the non-tipped duties described above.

78.     Although Plaintiff Mendoza has ostensibly been employed as a food runner, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

79.     Plaintiff Mendoza has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

80.     Plaintiff Mendoza's work duties have required neither discretion nor independent judgment.

81.     From approximately July 2019 until on or about September 2019, Plaintiff Mendoza worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m., two days a week (typically 18 hours per week).

82.    From approximately October 2019 until on or about March 2020 and from approximately June 2020 until the present date, Plaintiff Mendoza has worked as a food runner from approximately 3:00 p.m. until on or about 12:00 a.m., five days a week (typically 45 hours per week).

83.    Throughout his entire employment, Defendants have paid Plaintiff Mendoza his wages by check.

84.    From approximately July 2019 until on or about March 2020 and from approximately June 2020 until the present date, Defendants have paid Plaintiff Mendoza $10 per hour.

85.    Defendants have never granted Plaintiff Mendoza any breaks or meal periods of any kind.

86.    Plaintiff Mendoza has never been notified by Defendants that his tips are being included as an offset for wages.

87.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Mendoza's wages.

88.    Defendants have withheld a portion of Plaintiff Mendoza's tips; specifically, Defendants withhold a percentage of the tips Plaintiff Mendoza earns and gives it to the host or hostess; similarly, defendants withhold a percentage of the tips Plaintiff Mendoza earns when he works for defendants at private parties.

89.    Defendants have never provided Plaintiff Mendoza an accurate statement of wages, as required by NYLL 195(3).

90.    Defendants have never given any notice to Plaintiff Mendoza, in English and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

91.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

92.     Plaintiffs have been victims of Defendants' common policy and practices which violate ``rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

93.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

94.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

95.     Defendants have required Plaintiffs to perform general non-tipped tasks in addition to their primary duties as food runners. Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

96.     Plaintiffs and all other tipped workers have been paid at the lower tip-credit rate by Defendants.

97.     However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

98.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

99.     The busboys' and food runners' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

100.    In violation of federal and state law as codified above, Defendants have classified Plaintiffs and other tipped workers as tipped employees, and have paid them at the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

101.    Defendants have failed to inform Plaintiffs who received tips that Defendants intend to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

102.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

103.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as food runners for the tips they received.

104.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving Plaintiffs of a portion of the tips earned during the course of employment.

105.     Defendants have unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

106.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

107.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

108.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

109.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

110.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

111.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

112.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

113.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

114.     The claims of Plaintiffs stated herein are similar to those of the other employees

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

115.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

116.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

117.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

118.     There are questions of law and fact common to the Class including:

a)   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)   Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)   Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

119. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

120. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

121. The common questions of law and fact predominate over questions affecting only individual members.

122. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

123. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

126.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

127.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

128.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

129.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

130.    Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

131.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

133.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

134.     Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

135.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

137.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

138.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

139.     Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

140.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

142.     Defendants' failure to pay Plaintiffs' overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

143.     Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

144.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

146.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

147.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

149.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

150.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.     Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

152.     Plaintiffs have been damaged in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

153.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

155.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

156.     Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

157.     Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

158.     Plaintiffs have been damaged in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

(j)      Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the Rule 23 class members' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiffs and the Rule 23 class members;

(l)     Awarding Plaintiffs and the Rule 23 class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)    Awarding Plaintiffs and the Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs and the rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 29, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 16, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Carlos Barrales

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:          _Carlos Barrales_

Date / Fecha:               16 de septiembre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 16, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Diego Del Castillo

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               16 de septiembre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 16, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Lino Mendoza Castro

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              16 de septiembre 2021

*Certified as a minority-owned business in the State of New York*